IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*, <br><br> Defendants. | Civil Action No. 26-1132 (CKK) |

**MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association ("LULAC Plaintiffs") seek limited expedited discovery in support of their preliminary injunction motion. The Defendants oppose the motion and will file an opposition no later than Thursday, April 9, unless otherwise directed by the Court.

**BACKGROUND**

On March 31, 2026, President Trump signed Executive Order 14,399 entitled "Ensuring Citizenship Verification and Integrity in Federal Elections" (hereinafter, "Executive Order" or "EO"). Soon after, three groups of Plaintiffs filed suit seeking injunctive and declaratory relief against various executive officers and agencies responsible for implementation of the Executive Order. *See* Compl., *DSCC v. Trump*, No. 1:26-cv-01114-CKK (D.D.C. Apr. 1, 2026), ECF No. 1;[1]

---

[1] Plaintiffs in this case are DSCC, DCCC, Democratic National Committee, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, and U.S. House of Representatives Minority Leader Hakeem S. Jeffries (collectively, the "Democratic Party Plaintiffs").

1

Compl., *League of United Latin Am. Citizens v. Exec. Off. of the President*, No. 1:26-cv-01132-CKK (D.D.C. Apr. 2, 2026), ECF No. 1;[2] Compl., *Nat'l Ass'n for the Advancement of Colored People v. Donald J. Trump*, No. 1:26-cv-01151-CKK (D.D.C. Apr. 3, 2026), ECF No. 1.[3]

On April 6, 2026, this Court issued an Order directed to the Democratic Party Plaintiffs and the LULAC Plaintiffs. ECF No. 9. In its Order, the Court set out two deadlines. First, the Court asked the parties to promptly meet and confer to discuss consolidation and to file a joint statement on consolidation on or before April 8, 2026. Second, the Court ordered that any motions for preliminary injunction be filed on or before April 10, 2026.

### A. Limited Expedited Discovery is Necessary to Support the Claims for Preliminary Injunction

LULAC Plaintiffs respectfully request a brief and targeted discovery period to ascertain what steps, if any, Defendants have taken or currently plan to take to implement the challenged provisions of the Executive Order. The Executive Order directs the Department of Homeland Security and the Social Security Administration to begin compiling the State Citizenship List for transmission to state election officials 60 days before the next federal election. It also requires any state that uses the United States Postal Service ("USPS") to deliver mail-in or absentee ballots to notify USPS 90 days before that and to submit at least 60 days beforehand a list of voters to whom it intends to send such ballots.

Plaintiffs request a brief expedited discovery period during which Plaintiffs will serve no more than the attached narrow/limited discovery requests, *see* Ex. A., on Defendants to ascertain

---

[2] Plaintiffs in this case are League of United Latin American Citizens ("LULAC"), the Secure Families Initiative, and the Arizona Students' Association (collectively, the "LULAC Plaintiffs").
[3] Plaintiffs in this case are the National Association for the Advancement of Colored People, Common Cause, Common Cause Education Fund, Black Voters Matter Fund, Inc., and BVM Capacity Building Institute, Inc. (collectively, the "NAACP Plaintiffs").

what steps have been taken to implement the challenged provisions of the Executive Order. The purpose of such limited discovery is to better "discern the existence *vel non* of final agency actions and the 'contours of the precise polic[ies] at issue'" challenged by Plaintiffs. *See* Scheduling Order at 2, *LULAC v. Exec. Off. of the President*, No. 1:25-cv-00946-CKK (D.D.C. June 20, 2025), ECF No. 141 (quoting *Hispanic Affs. Project v. Acosta*, 901 F.3d 378, 388 (D.C. Cir. 2018)).  Plaintiffs respectfully request that these discovery responses be due Monday, April 13. This will provide Plaintiffs with information relevant to the memorandum of points and authorities supporting their motion for preliminary injunction that LULAC Plaintiffs have requested be due by Friday, April 17. *See* ECF No. 14.

LULAC Plaintiffs' request for expedited discovery is warranted in this case. "The Advisory Committee's notes to Federal Rule of Civil Procedure 26(d) state that expedited discovery 'will be appropriate in some cases, such as those involving requests for a preliminary injunction,' Fed. R. Civ. P. 26(d), but 'do not provide specific standards for evaluating expedited discovery motions.'" *New Mexico v. Musk*, 770 F. Supp. 3d 192, 197–98 (D.D.C. 2025) (*quoting Disability Rts. Council of Greater Wash. v. WMATA*, 234 F.R.D. 4, 6 (D.D.C. 2006)). Courts in this district typically evaluate requests for expedited discovery under a reasonableness test. *See New Mexico*, 770 F. Supp. 3d at 198.

Due to the proximity to the next federal general election, the limited nature of the discovery requested, and the impending preliminary injunction motions, expedited discovery is reasonable. The next federal general election is on November 3, 2026, but the EO effectively creates new milestones—August 5 and September 4, 2026—by which the executive agencies and states must act. In light of these compressed deadlines, which apply nationwide and potentially implicate millions of voters, Defendants have likely already taken steps to implement the EO's sweeping

requirements.[4] And every step the agencies take to carry out the EO bears directly on Plaintiffs' claims, particularly with respect to final agency actions, making Plaintiffs' limited request all the more reasonable. This targeted discovery is particularly appropriate given the Court's suggestion that "the Court may consolidate the hearing on any motion for preliminary relief in these cases with an expedited trial on the merits." ECF No. 9 at 3. Plaintiffs' request for targeted expedited discovery from Defendants will elucidate what actions they are taking to implement the EO. This need for expedited discovery further counsels in favor of LULAC and NAACP Plaintiffs' requested schedule, *see* ECF No. 14, to allow for sufficiently comprehensive briefing. *See, e.g.*, *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (applying "reasonableness test, particularly in cases where the expedited discovery is related to a motion for a preliminary injunction") (citing *Disability Rts. Council of Greater Wash. v. WMATA*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

## CONCLUSION

For the reasons described above, Plaintiffs respectfully request that the Court grant LULAC Plaintiffs' motion for targeted, expedited discovery as described above with Defendants' responses due April 13, 2026. [5]

---

[4] The EO requires that the "Secretary of Homeland Security shall, within 90 days of the date of this order, establish the infrastructure necessary to compile, maintain, and transmit the State Citizenship List" Order § 4(c). In addition, the terms of Section 2(a) of the EO apply broadly to all "regularly scheduled Federal election[s]." Numerous states have upcoming Federal primary elections on dates from April through September 2026, further making it likely that Defendants are already implementing the requirements of the EO.

[5] In the event the Court denies the requested extension, ECF No. 14, Plaintiffs still respectfully request that the motion for expedited discovery be granted. Any responsive discovery could be included in a supplemental filing or used during the hearing on the preliminary injunction motion.

Dated: April 8, 2026

Respectfully submitted,

/s/ *Anna Baldwin*

| | |
|---|---|
| Norman L. Eisen (DC Bar No. 435051) | Anna Baldwin (DC Bar No. 998713) |
| Tianna J. Mays (DC Bar No. 90005882) | Danielle Lang (DC Bar No. 1500218) |
| Pooja Chaudhuri (DC Bar No. 888314523) | Robert Brent Ferguson (DC Bar No. 1782289) |
| Sofia Fernandez Gold (DC Bar No. 90010196) | Sejal Jhaveri (NY Bar No. 5396304)* |
| DEMOCRACY DEFENDERS FUND | Valencia Richardson (DC Bar No. 1739245)* |
| 600 Pennsylvania Avenue SE #15180 | Aseem Mulji (DC Bar No. 1724971) |
| Washington, D.C. 20003 | Heather Szilagyi (DC Bar No. 90006787) |
| (202) 601-8678 | Renata O'Donnell (DC Bar No. 1723929) |

Norman L. Eisen (DC Bar No. 435051)
Tianna J. Mays (DC Bar No. 90005882)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar
No. 90010196)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
(202) 601-8678
norman@democracydefenders.org
tianna@democracydefenders.org
pooja@democracydefenders.org
sofia@democracydefenders.org

Anna Baldwin (DC Bar No. 998713)
Danielle Lang (DC Bar No. 1500218)
Robert Brent Ferguson (DC Bar No. 1782289)
Sejal Jhaveri (NY Bar No. 5396304)*
Valencia Richardson (DC Bar No. 1739245)*
Aseem Mulji (DC Bar No. 1724971)
Heather Szilagyi (DC Bar No. 90006787)
Renata O'Donnell (DC Bar No. 1723929)
Benjamin Phillips (DC Bar No. 90005450)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
dlang@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org
amulji@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
bphillips@campaignlegalcenter.org

*Admission to D.D.C. pending*

*Counsel for LULAC Plaintiffs*

5