**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, *also known as the* DEMOCRATIC SENATORIAL CAMPAIGN COMMITTE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        Defendants. | Civil Action No. 26-1114 (CKK) |
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>        Defendants. | Civil Action No. 26-1132 (CKK) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        Defendants. | Civil Action No. 26-1151 (CKK) |

1

**MEMORANDUM OPINION & ORDER**
(April 8, 2026)

Plaintiffs in the above-captioned cases challenge the President's most recent Executive Order on elections.  Upon filing their respective complaints, each group of plaintiffs contemporaneously filed a notice claiming that their case was "related" to a case already in front of this Court.  This triggered Local Civil Rule 40.5(c)(1), which directed the Clerk's Office to directly assign these cases to this Court instead of submitting the cases for random assignment. LCvR 40.5(c)(1) ("Where the existence of a related case in this Court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned."); *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) ("The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned.").

The various defendants object to plaintiffs' classification of the above-captioned cases as related.  Upon consideration of the relevant pleadings, governing rules, and applicable caselaw, the Court determines that the above-captioned cases are not "related" under the Local Civil Rules. Accordingly, the Court shall transfer these cases to the Calendar and Case Management Committee for random reassignment.

**I.**

The above-captioned cases involve challenges to Executive Order ("EO") 14,399, which was signed by the President on March 31, 2026, and is titled, "Ensuring Citizenship Verification and Integrity in Federal Elections."  *See* 91 FR 17125, 17125-17128.  This EO contains a variety of directives regarding federal elections, including, among others, a directive to the Department of Homeland Security ("DHS") to compile and transmit a "State Citizenship List" to the chief election official of each State and a directive to the United States Postal Service ("USPS") to propose rules regulating the use of mail-in and absentee ballots.  91 FR at 17126.

2

The first case directly assigned to this Court was *DSCC, et al. v. Trump, et al.* (Case No. 26-cv-1114) ("*DSCC*").   The Complaint in *DSCC* was filed on April 1, 2026, and it was accompanied by a notice indicating that the case was "related" to this Court's case *League of United Latin American Citizens, et al. v. Executive Office of President, et al.* (Case No. 25-cv-946-CKK) (hereinafter "Case No. 25-946-CKK"), which is a consolidated matter that was randomly assigned to the Court on April 1, 2025.  The *DSCC* plaintiffs indicated that their case was related to Case No. 25-946-CKK because it "involve[d] common issues of fact."  Case No. 26-cv-1114, Dkt. No. 2.  Accordingly, the Clerk's Office directly assigned the *DSCC* case to this Court on April 2, 2026.

The second case directly assigned to this Court was *League of United Latin American Citizens, et al. v. Executive Office of the President, et al.* (Case No. 26-cv-1132) ("*LULAC*").  The *LULAC* plaintiffs filed their Complaint on April 2, 2026.  Case No. 26-cv-1132, Dkt. No. 1.  Like the *DSCC* plaintiffs, the *LULAC* plaintiffs filed a contemporaneous notice with their Complaint indicating that the case was "related" to Case No. 25-946-CKK because it "involve[d] common issues of fact."  *Id*. at Dkt. No. 2.  The *LULAC* plaintiffs also indicated that their case was related to the *DSCC* case.  *Id*.  Accordingly, the Clerk's Office directly assigned the *LULAC* case to this Court on April 3, 2026.

The third and final case that was directly assigned to this Court was *NAACP, et al. v. Trump, et al.* (Case No. 26-cv-1151) ("*NAACP*").  This Complaint was filed on April 3, 2026.  Case No. 26-cv-1151, Dkt. No. 1.  The *NAACP* Complaint was also accompanied by a notice of related case, but unlike the *DSCC* and *LULAC* plaintiffs, the *NAACP* plaintiffs did not indicate that their case was related to Case No. 25-946-CKK.  Rather, the *NAACP* case was directly assigned to this Court because the plaintiffs indicated that their case was related to the *DSCC* case

3

and the *LULAC* case.  Case No. 26-cv-1151, Dkt. No. 2.  The Clerk's Office directly assigned the *NAACP* case to this Court on April 6, 2026.

The *DSCC* defendants and the *LULAC* defendants object to plaintiffs' classification of these cases as related to Case No. 25-946-CKK, arguing that these cases do not meet the definition of "related" cases under the Local Civil Rule and should therefore be randomly assigned.  *See* Case No. 26-cv-1114, Dkt. No. 23; Case No. 26-cv-1132, Dkt. No. 16.  Because these cases involve important matters of election procedure that may affect the conduct of impending elections throughout the country, the Court recognizes that time is of the essence and has therefore considered defendants' objections on an expedited timeline.  *Cf. Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006); *Abbott v. League of United Latin Am. Citizens*, 146 S. Ct. 418, 419 (2025).

**II.**

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned."  *Tripp*, 196 F.R.D. at 202.  "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process."  *Id*.  The rule of random assignment helps to further public confidence in the judiciary because it "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping."  *Id*.

Local Civil Rule 40.5, otherwise known as the "related case rule," establishes an exception to the rule of random assignment.  *Boyd v. Farrin*, 12-cv-1893 (PLF), 2012 WL 6106415, at *1 (D.D.C. Dec. 10, 2012).  The related case rule "rests primarily on considerations of judicial economy" and aims to prevent the inefficiency inherent in having two judges "handling cases that are so related that they involve common factual issues or grow out of the same event or transaction."  *Id*. (quoting *Tripp*, 196 F.R.D. at 202).  Under the Local Civil Rules, if a plaintiff

4

"complete[s] a form . . . designating the[ir] action as related to an earlier-filed action" upon filing their complaint, then the Clerk's Office will "assign the new case to the judge to whom the oldest related case is assigned." *Dakota Rural Action v. United States Dep't of Agric.*, 18-cv-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019); LCvR 40.5(c)(1).

But "a 'related case' is not whatever a plaintiff wishes it to be." *Corsi v. Mueller, et al.*, 18-cv-2885 (RJL), 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019). Rather, under the relevant provision of the Local Civil Rules, cases are deemed "related" only when (1) the earliest of the cases is "still pending on the merits in the District Court," and (2) the cases either (i) relate to common property, (ii) involve common issues of fact, (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent. LCvR 40.5(a)(3).

### III.

The above-captioned cases are not "related" to Case No. 25-946-CKK under the Local Civil Rules.[1] First, the above-captioned cases do not meet the temporal requirement of Local Civil Rule 40.5(a)(3) because Case No. 25-946-CKK was not "still pending on the merits" when the above-captioned cases were filed. Second, the above-captioned cases do not meet the substantive requirement of Rule 40.5(a)(3) because Case No. 25-946-CKK and the above-captioned cases present challenges to different Executive Orders in different factual contexts, and therefore do not "involve common issues of fact." Accordingly, the Court shall transfer the above-captioned cases to the Calendar and Case Management Committee for random reassignment in accordance with the general rule of this Court.

---

[1] As explained above, *see* Supra Sec. I, the plaintiffs in the *DSCC* case relied exclusively on Case No. 25-cv-956-CKK when indicating their case was sufficiently related for direct assignment. The plaintiffs in the *LULAC* case, in turn, relied on Case No. 25-cv-956-CKK and the *DSCC* case when indicating their case was sufficiently related for direct assignment. Finally, the plaintiffs in the *NAACP* case relied on the *DSCC* case and the *LULAC* case for relatedness. Thus, on the present record, they key connection for the above-captioned cases is their connection to Case No. 25-cv-956-CKK.

**A.**     **The above-captioned cases are not "related" under the Local Rules because Case No. 25-946-CKK was not "still pending on the merits" at the time the above-captioned cases were filed.**

Civil cases may be "deemed related" only "when the earliest is still pending on the merits in the District Court." LCvR 40.5(a)(3). A final judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Courts in this District have explained in the related-case context that, "except in unusual circumstances, a case cannot still be pending on the merits in the district court once an appeal has been properly taken because the case would not be appealable absent a final judgment." *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (PLF) (citing *Thomas v. National Football League Players Ass'n*, 1992 WL 43121 (D.D.C.1992)); *Corsi*, 2019 WL 11322508 at *1. Furthermore, a case is not considered to be pending on the merits in the district court if only "collateral" issues like attorneys' fees and the filing of status reports remain. *See Doe v. Von Eschenbach*, 06-cv-2131 (EGS), 2007 WL 1655881, at *1 (D.D.C. June 7, 2007) (quoting *Kaseman v. Dist. of Columbia*, 444 F.3d 637, 641 (D.C. Cir. 2006)).

Under the Local Civil Rules, the above-captioned cases cannot be related to Case No. 25-946-CKK because Case No. 25-946-CKK was not still pending on the merits when the plaintiffs in the above-captioned cases filed their complaints and notices of related case. The Court issued final judgment in Case No. 25-946-CKK on March 31, 2026, and directed the Clerk of Court to close the case. *See* Dkt. No. 256. The earliest of the above-captioned cases—the *DSCC* case— was filed on April 1 and directly assigned to this Court on April 2. The plaintiffs are therefore unable to meet the first requirement for designating a case as related under the Local Civil Rules.

6

B.      **The above-captioned cases are not "related" under the Local Rules because Case No. 25-946-CKK and the above-captioned cases do not "involve common issues of fact."**

In addition to the temporal issue discussed above, the above-captioned cases are not "related" to Case No. 25-946-CKK under the Local Civil Rules because they do not "involve common issues of fact." LCvR 40.5(a)(3). The "principle behind the related case rule" is that the "strong presumption of random case assignment" is outweighed by the interests of judicial economy only in "narrow circumstances, such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases." *Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121–22 (D.D.C. 2019) (BAH). However, "to allow *tangentially* related cases to be assigned to the same judge as an earlier case would be to decrease 'fair and equal distribution of cases to all judges,' embrace, rather than 'avoid[ ] public perception or appearance of favoritism in assignments,' and increase, rather than 'reduce[ ] opportunities for judge-shopping' without a corresponding benefit to judicial economy." *Millard v. Gov't of D.C.*, Civ. No. 22-2672 (RCL), 2023 WL 2301927, at *2 (D.D.C. Mar. 1, 2023) (quoting *Tripp*, 196 F.R.D. at 202).

To determine whether cases involve common issues of fact under the Local Civil Rules, courts in this District have often considered whether the cases "focus on different events, involve different times periods, and turn on [distinct] legal[] theories." *Id*. (quoting *Klayman v. Porter*, 20-cv-3109 (RDM), 2021 WL 1668067, at *3 (D.D.C. Apr. 28, 2021)). These considerations show that the above-captioned cases and Case No. 25-946-CKK do not involve common issues of fact.

The above-captioned cases and Case No. 25-946-CKK involve challenges to different Executive Orders. Furthermore, these Executive Orders were signed more than a year apart from one another, and, as the defendants point out, they "instruct a different set of federal agencies and departments and involve different goals and priorities." *See* Case No. 26-cv-1114, Dkt. No. 23 at 8. While the above-captioned cases and Case No. 25-946-CKK share many of the same plaintiffs

7

and involve the same area of the law, the Local Civil Rule "does *not* make cases related if they involve common issues of law, only common issues of fact." *G.Y.J.P. by & through M.R.P.S. v. Wolf*, Case No. 20-cv-01511 (TNM), 2020 WL 4192490, at *1 (D.D.C. July 21, 2020) (emphasis in original). Accordingly, the Court determines that the above-captioned cases and Case No. 25-946-CKK are not "related" under the Local Civil Rules because they do not "involve common issues of fact."

## IV.

Because the above-captioned cases are not related to Case No. 25-946-CKK under the Local Civil Rules, they should be submitted for random reassignment. Accordingly, it is hereby:

**ORDERED** that the defendants' [23] Motion to Reassign Case in Case No. 26-cv-1114 and the defendants' [16] Motion to Reassign Case in Case No. 26-cv-1132 are **GRANTED**; it is further

**ORDERED** that the Clerk of Court shall return Case No. 26-cv-1114, Case No. 26-cv-1132, and Case No. 26-cv-1151 to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED.**

**Dated:** April 8, 2026

_Colleen Kollar-Kotelly_
COLLEEN KOLLAR-KOTELLY
United States District Judge