**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

DSCC, *et al.*,

       Plaintiffs,

  v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

       Defendants.

</td><td>

Case No. 1:26-cv-01114-CJN

</td></tr>
<tr><td>

LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,

       Plaintiffs,

  v.

EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,

       Defendants.

</td><td>

Case No. 1:26-cv-01132-CJN

</td></tr>
<tr><td>

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,

       Plaintiffs,

  v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

       Defendants.

</td><td>

Case No. 1:26-cv-01151-CJN

</td></tr>
</table>

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

LEGAL STANDARD................................................................................................................ 3

ARGUMENT ............................................................................................................................ 5

I.      Plaintiffs' Request for Expedited Should Be Denied Under the Reasonableness
        Test. ............................................................................................................................... 5

        A.      A preliminary injunction is not pending. ............................................................ 5

        B.      The breadth of Plaintiffs' discovery requests is significant…............................. 6

        C.      The proposed expedited discovery is not narrowly tailored to support the
                preliminary injunction motion.. ........................................................................... 9

        D.      The proposed expedited discovery is onerous and burdensome.......................... 10

        E.      The proposed expedited discovery is far in advance of the typical
                discovery process...............................................................................................10

II.     Plaintiffs' Request for Expedited Discovery Should Be Denied Under the More
        Stringent *Notaro* Test.................................................................................................11

III.    Plaintiffs' Demand for Responses to its Expedited Discovery to be Due on
        Monday, April 13, 2026, is Unnecessary and Unrealistic. .............................................11

CONCLUSION.........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Addala v. Renaud*, No. 20-CV-2460 (RCL),
    2021 WL 244951 (D.D.C. Jan. 25, 2021) .................................................................... 4

*Am. Fed'n of Lab. & Cong. Of Indus. Orgs. V. Dep't of Lab.*,
    349 F.R.D. 243 (D.D.C. 2025) ...................................................................... 4, 5, 6

*Attkisson v. Holder*,
    113 F. Supp. 3d 156 (D.D.C. 2015) .................................................................... 6

*Does 1-9 v. Dep't of Just.,* No. 25-CV-325 (JMC),
    2025 WL 894120 (D.D.C. Mar. 22, 2025) .......................................................... 3

*Guttenberg v. Emery*,
    26 F. Supp. 3d 88 (D.D.C. 2014) ......................................................... 3, 4, 6, 11

*In re Fannie Mae Derivative Litig.*,
    227 F.R.D. 142 (D.D.C. 2005) .......................................................................... 4

*Legal Tech. Grp., Inc. v. Mukerji,* No. 17-cv-631-RBW,
    2017 WL 7279398 (D.D.C. June 5, 2017) ........................................................ 6

*New Mexico v. Musk*,
    770 F. Supp. 3d 192 (D.D.C. 2025) .................................................................. 9

*Notaro v. Koch*,
    95 F.R.D. 403 (S.D.N.Y 1982) .............................................................. *passim*

*Oceana, Inc. v. Ross*,
    920 F.3d 855 (D.C. Cir. 2019) (en banc) ........................................................ 7

*Simon v. Republic of Hungary*, No. CV 10-01770-BAH,
    2012 WL 13069772 (D.D.C. Oct. 19, 2012) ................................................. 3, 4

*True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-CV-734 (RBW)
    2014 WL 4347197 (D.D.C. Aug. 7, 2014) ..................................................... 3, 6

**Rules**

Fed. R. Civ. P. 25 ............................................................................................ 1

Fed. R. Civ. P. 26 .................................................................................. 3, 9, 10

LCvR  16.3(b) ................................................................................................ 10

**Other Authorities**

Exec. Order 14,399, 91 Fed. Reg. 17125 (Mar. 31, 2026) ...................................................... 1, 7, 8

**INTRODUCTION**

The President issued an Executive Order nine days ago, which calls on the Department of Homeland Security "[t]o the extent feasible and consistent with applicable law," to generate a list of U.S. citizens. Exec. Order 14,399, *Ensuring Citizenship Verification and Integrity in Federal Elections*, 91 Fed. Reg. 17125, 17125 (Mar. 31, 2026). Under the Executive Order, that list need not be completed, assuming, again, that can be done feasibly and consistent with the law, until sixty days before the next Federal election, i.e. early September. And yet, with the ink on the Executive Order barely dry, Plaintiffs[1]—in support of a forthcoming motion for preliminary injunction—seek to serve a series of discovery requests designed to identify what agencies have done and, in significant part, what they will do in the future (indeed, before agencies may even know). Plaintiffs further demand that Defendants[2] comply with eight discovery requests served on a number of Defendants, by Monday, April 13. The requests are themselves unreasonable, and the timing compounds that unreasonableness. Plaintiffs' motion should be denied.

**BACKGROUND**

The instant case challenges Executive Order 14,399, "Ensuring Citizenship Verification and Integrity in Federal Elections," which was issued on March 31, 2026. Exec. Order 14,399, 91 Fed. Reg. 17125, 17125 (Mar. 31, 2026) ("E.O." or "Executive Order"). As is relevant to this

---

[1] League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association (collectively "Plaintiffs"). Plaintiffs filed their motion in *League of United Latin American Citizens, et al. v. Executive Office of the President, et. al*, 26-cv-01132-CJN, Dkt. No. 17, prior to the consolidation of that case. *See* Dkt. No. 27.

[2] Amber F. McReynolds, Derek T. Kan, Ronald A. Stroman, Daniel M. Tangherlini, David P. Steiner, Markwayne Mullin, Joseph Edlow, Frank J. Bisignano, Howard Lutnick, Todd Blanche (in their official capacities, including Mr. Blanche's official capacity as Acting Attorney General, who is substituted for Ms. Bondi pursuant to Fed. R. Civ. P. 25(d)), the Executive Office of the President, United States Postal Service, Board of Governors of the United States Postal Service, United States Department of Homeland Security, United States Citizenship and Immigration Services, United States Social Security Administration, United States Department of Commerce, and United States Department of Justice (collectively "Defendants").

motion, Section 2 of the Executive Order requires the Secretary of Homeland Security—"[t]o the extent feasible and consistent with applicable law, including but not limited to the Privacy Act of 1974"—to "compile and transmit to the chief election official of each State a list of individuals confirmed to be United States citizens who will be above the age of 18 at the time of an upcoming Federal election and who maintain a residence in the subject State." E.O. § 2(a). The only concrete deadline in the Executive Order (which again, says this is only to the extent feasible and consistent with applicable law) is that this list (the "State Citizenship List") be transmitted 60 days before the next regularly scheduled Federal election, *i.e.*, in September 2026.

Two days after the Executive Order was signed, this suit was filed by the League of United Latin American Citizens, Secure Families Initiative, and Arizona Students' Association against Defendants. Case No. 26-cv-1132, Dkt. No. 1, ¶¶ 9-43. The Complaint's five claims invoke theories of *ultra vires* acts and violations of the separation of powers (Counts I and II), violations of the APA (Count III and V), and violations of the Privacy Act (Count IV). *Id.* at ¶¶ 214-327. Broadly, Plaintiffs challenge executive actions related to "USPS Mail-In and Absentee Participation List and Ballot Transmittal Directives" and the "State Citizenship List." *Id.*

This case was initially assigned to Judge Kollar-Kotelly because Plaintiffs had designated it as related to a previously filed case that had been assigned to her. Case No. 26-cv-1132, Dkt. No. 2 (related case designation). On April 8, 2026, Judge Kollar-Kotelly determined the cases were not related to that earlier-filed case and the case was returned for random assignment. *Id.* at Dkt. No. 26 (order returning case to Calendar and Case Management Committee for random reassignment). Also on April 8, Plaintiffs filed an expedited discovery motion. *Id.* at Dkt. No. 17. With this motion, Plaintiffs seek to require all Defendants subject to the relevant discovery requests—who are not specifically identified, *see id.* at Dkt. No. 17, Ex. A, Definition No. 4—to each complete four

2

interrogatories and four requests for admission by Monday, April 13, 2026, for a total of potentially sixty-four separate responses. On April 9, 2026, this case was directly reassigned to Judge Carl J. Nichols. In a separate order, this Court consolidated three pending cases challenging Executive Order 14,399. Dkt. No. 27. That same order established a briefing schedule wherein Plaintiffs are directed to file their brief supporting their motion for preliminary judgment on April 17, 2026. *Id.*

The first two interrogatories require Defendants to describe "any action or effort" Defendants have taken to compile the State Citizenship Lists mandated by the challenged Executive Order and "any and all further steps" still needed before the State Citizenship Lists are transmitted to the states. Case No. 26-cv-1132, Dkt. No. 17 at Interrogatory Nos. 1-2. The third and fourth interrogatories direct Defendants to identify and describe "all databases and data sources" Defendants have or will use to compile the State Citizenship Lists as well as any steps Defendants have taken "to engage non-federal entities" in that effort. *Id.* at Interrogatory Nos. 3-4. The four requests for admission broadly seek admissions from Defendants that (1) the Executive Order requires Defendants to transmit State Citizenship Lists "60 days before any federal election," (2) the State Citizenship Lists are a "new system of records," (3) that the State Citizenship Lists "require disclosure of individual records," and (4) that Defendants have "engaged non-federal entities" to create State Citizenship Lists. *Id.* at Requests for Admission Nos. 1-4.

## **LEGAL STANDARD**

In general, "[a] party may not seek discovery" before a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Courts in this District generally examine motions for expedited discovery under either the "reasonableness" test or under the *Notaro* test. *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97-98 (D.D.C. 2014) (citing *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y 1982)). Recently, some courts have rejected the *Notaro* test in favor of the reasonableness standard, which is "more suited to the application of the Court's broad discretion in handling discovery." *Id.*; *see also Does 1-9 v. Dep't*

3

*of Just.*, No. 25-CV-325 (JMC), 2025 WL 894120, at n.3 (D.D.C. Mar. 22, 2025) (applying the "reasonableness test" as it "appears to be the majority approach in this District."). *But see Simon v. Republic of Hungary*, No. CV 10-01770-BAH, 2012 WL 13069772, at *3 & n.8 (D.D.C. Oct. 19, 2012) (applying both the reasonableness and *Notaro* tests because "Judges in this Circuit have employed both standards in considering a request for expedited discovery"); *True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-CV-734 (RBW), 2014 WL 4347197, at *7-8 (D.D.C. Aug. 7, 2014) (denying expedited discovery under both *Notaro* and reasonableness tests); *Addala v. Renaud*, No. 20-CV-2460 (RCL), 2021 WL 244951, at n.2 (D.D.C. Jan. 25, 2021) (acknowledging that "[s]ome courts have applied the *Notaro* approach").

The *Notaro* test is akin to the preliminary injunction standard and is more stringent than the reasonableness test.  *See Simon*, 2012 WL 13069772, at *3 ("The more stringent standard is . . . the *Notaro* test"). It requires the moving party to demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Guttenberg*, 26 F. Supp. 3d at 97 (citing *Notaro*, 95 F.R.D. at 405).

Under the reasonableness test, courts primarily examine five factors, although the list of factors is not exhaustive: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98 (quoting *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005)); *see also Am. Fed'n of Lab. & Cong. Of Indus. Orgs. V. Dep't of Lab.*, 349 F.R.D. 243, 248 (D.D.C. 2025) (same).

## ARGUMENT

Plaintiffs' request for expedited discovery should be denied under either the five-factor reasonableness analysis or the more stringent *Notaro* test. Plaintiffs seek broad and burdensome expedited discovery just days after filing their lawsuit, on a breathtakingly fast timeline (requiring Defendants to respond in no more than two business days from when a motion could be granted)—while admitting that they are able to file their preliminary injunction motion and memoranda without reliance on any responses from Defendants. Under these circumstances, the Court should deny Plaintiffs' requests for expedited discovery, or at the very minimum, order Plaintiffs to serve more targeted discovery requests and grant Defendants more time to comply.

**I.     Plaintiff's Request for Expedited Discovery Should Be Denied Under the Reasonableness Test.**

**A.  A preliminary injunction is not pending.**

It is undisputed that at the time of Plaintiffs' motion for expedited discovery, filed on April 8, 2026, Plaintiffs have not yet filed a motion for preliminary injunction. Indeed, Plaintiffs deadline to file a motion for preliminary injunction motion is on April 17, 2026. Dkt. No. 27 (adopting Minute Order in Case No. 26-cv-1132). Thus, this factor weighs in favor of denying Plaintiffs expedited discovery. Indeed, Plaintiffs acknowledge that the information sought is not necessary for them to file their preliminary injunction motion. *See* Case No. 26-cv-1132, Dkt. No. 17, n.5 ("In the event the Court denies the requested extension . . . Plaintiffs still respectfully request that the motion for expedited discovery be granted. Any responsive discovery could be included in a supplemental filing or used during the hearing on the preliminary injunction motion."). Plaintiffs do not assert that absent expedited discovery, they will be unable to proceed with a preliminary injunction motion filing on April 10 or even April 17, 2026.

Plaintiffs may point to *American Federation of Labor* in contending, on the contrary, that this "first factor weighs somewhat in favor of granting [P]laintiffs' motion for expedited discovery" since Plaintiffs intend to file a preliminary injunction motion "imminently" and "the Court has ordered them to do so" by a date certain. *See* 349 F.R.D. at 249. However, in that case, "two [temporary restraining order] motions [had] revealed the factual and legal issues critical to the impending preliminary injunction motion." *Id.* No such temporary restraining order motions have been filed in this case.

The contours of the factual and legal issues at stake are especially difficult to determine given that the challenged Executive Order was only promulgated on March 31, 2026, and this suit was brought on April 2, 2026. Indeed, so little time has elapsed for Defendants to have engaged in any activity in furtherance of the challenged Executive Order that there is little prospect that redressable harm has been committed. Nor is there any robust factual record that could be interrogated by expedited discovery. These considerations support the finding that the expedited discovery sought is premature, and this reasonableness factor thus weighs in favor of denying expedited discovery.

### B.  The breadth of Plaintiffs' discovery requests is significant.

Courts disfavor broad expedited discovery, especially discovery requests that cut to the merits of the case. *See Guttenberg*, 26 F. Supp. 3d at 98; *see also True the Vote, Inc. v. Internal Revenue Serv.*, No. CV 13-734-RBW, 2014 WL 4347197, at *7 (D.D.C. Aug. 7, 2014); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 166 (D.D.C. 2015). And expedited discovery that seeks "relatively broad discovery on issues going to the merits of the[] case" that is not "narrowly tailored to reveal information related to the preliminary injunction" should not be authorized. *Guttenberg*, 26 F.

Supp. 3d at 98; *see also Legal Tech. Grp., Inc. v. Mukerji*, No. 17-cv-631-RBW, 2017 WL 7279398, at *3 (D.D.C. June 5, 2017); *Attkisson*, 113 F. Supp. 3d at 162.

The breadth of Plaintiffs' discovery requests is wide-ranging. It focuses not just on steps taken to date by the Defendant agencies, but also requires, inter alia, Defendants to identify their future plans. The requests, for example, require Defendants to comprehensively describe "any and all further steps" they need to take "before the State Citizenship Lists" are "ready to be 'transmitted,'" i.e., the steps that will be taken moving forward to implement a very recently issued Executive Order. Case No. 26-cv-1132, Dkt. No. 17, Ex. A, Interrogatory No. 2. This interrogatory asks Defendant agencies to outline a comprehensive plan to implement the Executive Order in a matter of days, when the Executive Order itself contemplates the "State Citizenship Lists" to be transmitted "no fewer than 60 days before each regularly scheduled Federal election" which are months away. Exec. Order 14,399, 91 Fed. Reg. 17125, 17125 (Mar. 31, 2026).  Discovery is improper to the extent that it seeks to jump-start agencies' internal evaluative procedures as contemplated under the Executive Order. This Court should reject Plaintiffs' attempt to wield discovery requests as a means of interfering with the Executive Branch's inchoate decision-making concerning the implementation of a Presidential directive—to say nothing of the potential chilling effect that such requests may have on Executive Branch actions.

Moreover, to the extent that the discovery seeks information on tentative or contemplated plans, such information is almost certainly covered by the deliberative process privilege. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("Absent a showing of bad faith or improper behavior, 'agency deliberations not part of the record are deemed immaterial.'" (cleaned up); *San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (*en banc*) (refusing to supplement the record to consider transcripts of deliberative agency proceedings).

There is no basis in propounding such discovery only to get an answer of "it's privileged" or "we don't know yet."

Plaintiffs' other interrogatories are similarly broad and beyond the scope of permissible discovery at this juncture. Interrogatory No. 1 instructs Defendants to describe "any action *or effort* that Defendants . . . have taken or initiated to 'compile' the State Citizenship Lists." Case No. 26-cv-1132, Dkt. No. 17, Ex. A, Interrogatory No. 1 (emphasis added). While it might be easy enough to report on concrete actions taken in the brief period between the Executive Order's promulgation on March 31, 2026, and today, requiring Defendants to describe "any effort," which may include meetings and discussions, many of which could be privileged, would be an onerous task. Similarly, Interrogatory 3 requires Defendants to "[i]dentify and describe all databases" or "data sources" that Defendants "have or will use" to compile the "State Citizenship Lists." *Id.* at Ex. A, Interrogatory No. 3. This is likewise a burdensome task, especially when Defendant agencies have had so little time since the promulgation of the Executive Order to render such (internal) determinations (if they have even done so), let alone be subject to expedited discovery on any such assessments—not to mention their future intentions. And Interrogatory 4, which seeks "any steps" Defendants "have taken to engage non-federal entities" in the creation of "State Citizenship Lists" can include prefatory and research tasks that are difficult to formalize. *Id.* at Ex. A, Interrogatory No. 4. The breadth of this interrogatory goes far beyond concrete agency actions, such as signing a contract with a non-federal entity.

Similarly, Plaintiffs' four requests for admission are premature at this stage in the litigation because they assume that Defendants have made relevant determinations, e.g., the determination that Defendants can "transmit the State Citizenship Lists to state election officials 60 days before any federal election." *Id.* at Ex. A, Request for Admission No. 1. The Executive Order conditions

the establishment and transmission of State Citizenship Lists "[t]o the extent *feasible* and *consistent with applicable law*." E.O. § 2(a) (emphasis added).

At bottom, this is not discovery that merely seeks to identify the names of relevant witnesses or to produce easily accessible manuals or records. Rather, Plaintiffs' request would require significant and ongoing expenditure of resources to identify and coordinate with multiple agency officials to report on ongoing agency deliberations as to compliance with the challenged, nascent Executive Order. This factor should weigh heavily against granting expedited discovery.

### C. The proposed expedited discovery is not narrowly tailored to support the preliminary injunction motion.

The proposed expedited discovery is not narrowly tailored to support Plaintiffs' likely impending preliminary injunction motion. Rather, it improperly seeks continued updates on agency internal processes in the implementation of the challenged Executive Order, before threshold questions of standing and ripeness have even been considered. Plaintiff's purpose for expedited discovery is improper. *See New Mexico v. Musk*, 770 F. Supp. 3d 192, 199-200 (D.D.C. 2025) ("The scope of expedited discovery should be narrowly tailored to the purpose—supporting Plaintiffs' forthcoming preliminary injunction motion . . . Courts reject requests for expedited discovery that are not narrowly tailored to reveal information related to the preliminary injunction as opposed to the case as a whole.") (internal quotations and citations omitted).

As Plaintiffs point out in their discovery response instructions: "The Requests are continuing in nature. Your responses must be supplemented and any additional responsive material disclosed if responsive materials become available after you serve your response." Case No. 26-cv-1132, Dkt. No. 17, Ex. A, Instruction No. 9; *see also* Fed. R. Civ. P. 26(e)(1). Far from obtaining narrowly tailored information necessary to support Plaintiffs' impending preliminary injunction motion at a single moment, Plaintiffs' expansive discovery requests would impose on Defendant

agencies an ongoing and burdensome duty to continuously update Plaintiffs on agency internal processes, as those processes are being developed. Such a proposed duty is inappropriate, particularly at the beginning stages of this case, before threshold issues such as Article III standing and ripeness have even been considered, let alone adjudicated. For this reason, this factor weighs strongly against granting expedited discovery.

Indeed, even if the Court grants expedited discovery—and it should not—the Court should order that these requests do not impose an ongoing basis for supplementation every time an agency takes a preparatory step under the Executive Order. *See* Fed. R. Civ. P. 26(e)(1)(B) (noting that the obligation to supplement may be modified "as ordered by the Court").

### D. The proposed expedited discovery is onerous and burdensome.

As explained in Section B, *supra*, the proposed expedited discovery is burdensome, given its capacious scope. It is particularly onerous given the breathtakingly brief timeline for compliance. Case No. 26-cv-1132, Dkt. No. 17 at 3 ("Plaintiffs respectfully request that these discovery responses be due Monday, April 13."). Significant legal and agency resources would need to be expended to provide expedited discovery responses by Monday, April 13, 2026. This factor thus weighs heavily against granting expedited discovery.

### E. The proposed expedited discovery is far in advance of the typical discovery process.

Plaintiffs have made their expedited discovery requests far in advance of the typical discovery process. Plaintiffs' expedited discovery requests would come well before the Fed. R. Civ. P. 26(f) conference, where parties would ordinarily come up with a discovery plan. *Id.* Further, Defendants may move to dismiss this case at least on ripeness and Article III standing grounds, a filing which in this district defers obligations under Rules 16 and 26 until that motion is resolved and an answer is filed, *see* LCvR 16.3(b). Defendants will thus be in a situation where they must

engage in what may ultimately be unnecessary burdensome discovery that the Federal Rules of Civil Procedure and the Local Rules of this court wisely avoid by ordinarily prohibiting discovery requests so early in a case. This factor thus weighs against granting expedited discovery.

## II. Plaintiffs' Request for Expedited Discovery Should Be Denied Under the More Stringent *Notaro* Test.

Because Plaintiffs cannot meet the reasonableness standard, Plaintiffs necessarily fail to meet the even higher standard for expedited discovery under the four-factor *Notaro* test. *See Guttenberg*, 26 F. Supp. 3d at 98 ("[I]f plaintiffs cannot prevail under the reasonableness approach, the Court need not decide whether they could meet the *Notaro* approach, because the reasonableness approach is a more liberal standard.").

Crucially, Plaintiffs have not articulated an irreparable injury under the *Notaro* test, nor any connection between the expedited discovery they desire and avoidance of that irreparable injury. The gravamen of Plaintiffs' expedited discovery requests is to determine what action, if any, Defendants have undertaken (and, to an extent, may or will take) to compile and transmit the State Citizenship Lists mentioned in the challenged Executive Order. Case No. 26-cv-1132, Dkt. No. 17, Interrogatories Nos. 1-4. That Plaintiffs require expedited discovery to know *if* they have been harmed by the challenged Executive Order counsels strongly against their ability to establish Article III standing, let alone injury, let alone irreparable injury that would be avoided by expedited discovery. For this reason alone, Plaintiffs' expedited discovery requests should be denied if examined under the *Notaro* test.

## III. Plaintiffs' Demand for Responses to its Expedited Discovery to be Due on Monday, April 13, 2026, is Unnecessary and Unrealistic.

Even if Plaintiffs are entitled to some expedited discovery (and they are not), requiring Defendants to comply by Monday, April 13, 2026, is unnecessary, unrealistic, and unduly

11

burdensome, and this burden is wholly disproportionate to Plaintiffs' need for expedited discovery on such an accelerated basis.

*First*, neither the Court's original Order directing Plaintiffs to file their preliminary injunction motion on or before April 10, 2026, nor its order setting the deadline for their brief for April 17, 2026, conditioned that deadline on Defendants providing expedited discovery before that filing. *See* Case No. 26-cv-1132, Dkt. No. 9. Nor do Plaintiffs assert in either their unopposed motion to modify briefing schedule or in their instant motion for expedited discovery that Plaintiffs require expedited discovery to meet the deadline to file a preliminary injunction motion and supporting memoranda. *See* Case No. 26-cv-1132, Dkt. No. 14 (Motion to Modify Briefing Schedule); *Id.* at Dkt. No. 16 (Motion for Expedited Discover). In fact, as Plaintiffs admit in their brief, Plaintiffs can proceed with filing their preliminary injunction motion and memoranda of law tomorrow or next week without relying on any discovery responses from Defendant. *See id.* at Dkt. No. 17, n.5 ("In the event the Court denies the requested extension . . . Plaintiffs still respectfully request that the motion for expedited discovery be granted. Any responsive discovery could be included in a supplemental filing or used during the hearing on the preliminary injunction motion.").

*Second*, compliance with Plaintiffs' demand for discovery responses on Monday, April 13, 2026, would give Defendants at most only two business days (Friday, April 10 and Monday, April 13) to respond to broad and burdensome interrogatories and requests for admission requiring coordination with numerous Defendant agencies and officials, and without the benefit of lodging discovery objections that are normally contemplated under the relevant rules of civil procedure. Should this Court find merit in Plaintiffs' arguments for expedited discovery, Defendants

12

respectfully request that the Court order Plaintiffs to serve more targeted discovery requests and grant Defendants additional time to comply.

## <u>CONCLUSION</u>

Defendants respectfully request that this Court deny Plaintiffs' motion for expedited discovery.

Dated: April 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC J. HAMILTON
*Deputy Assistant Attorney General*

JOSEPH E. BORSON
*Assistant Branch Director*

/s/ *Esam K. Al-Shareffi*
ESAM K. AL-SHAREFFI
D.C. Bar No. 90010174
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 598-7367
E-mail: esam.k.al-shareffi@usdoj.gov

*Counsel for Defendants*

13