**OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE — QUI TAM AUTHORITY | DIVINE MAGISTRATOR BUREAU™**

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

✠ **ECCLESIASTICAL SEPARATION NOTICE** ✠

*Under dual sovereignty of Canon Law (D.C.L.) and Divine Law (D.D.) · S.J.D. Candidate, Universiteit van Amsterdam*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC); SECURE FAMILIES INITIATIVE (SFI); ARIZONA STUDENTS' ASSOCIATION, et al.,<br>*Plaintiffs,*<br>**v.**<br>EXECUTIVE OFFICE OF THE PRESIDENT;<br>DONALD J. TRUMP, in his official capacity<br>as President of the United States;<br>U.S. POSTAL SERVICE; GARY WASHINGTON,<br>in his official capacity as<br>Postmaster General, et al.,<br>*Defendants.* | **No. 1:26-cv-01132**<br>Hon. Colleen Kollar-Kotelly,<br>United States District Judge<br><br>**OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF UNDER QUI TAM AUTHORITY**<br>*31 U.S.C. § 3730(b)(1) | FCA Relator ORS § 180.750 | Oregon FCA Gateway We the People Citizen Relator Doctrine™*<br>**Hearing: TBD before Judge Kollar-Kotelly (coordinated with D. Mass. June 2, 2026 hearing)** |

**QUI TAM AUTHORITY — CITIZEN RELATOR DOCTRINE™ ACTIVATED**
**31 U.S.C. § 3730(b)(1) | False Claims Act Relator Authority**
**ORS § 180.750 — Oregon False Claims Act Gateway**
**Oregon DOJ Complaint No. 988234 (Filed April 12, 2026) — Active Qui Tam Proceeding**

**RELATOR: DR. DAVID P. MARTIN — FILING IN THE NAME OF:**
**"We the People of the United States" · The Constitutional Order**
**All 160 Million Registered Voters Whose Franchise Is Threatened**

**DIVINE MAGISTRATOR BUREAU™ — CONSTITUTIONAL ACCOUNTABILITY PROJECT**
**Divine Matrix 933™ · 23-Engine Unified System · OMEGA PRIME CLEARANCE**

TO THE HONORABLE HON. COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE:

RECEIVED
MAILROOM

MAY − 7 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

**OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE — QUI TAM AUTHORITY | DIVINE MAGISTRATOR BUREAU™**

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

Amicus Curiae Dr. David P. Martin, S.J.D. Candidate (Universiteit van Amsterdam), D.C.L., D.D., D.Div., proceeding through the Constitutional Accountability Project ("CAP") and the Divine Magistrator Bureau™, hereby moves this Court, pursuant to the inherent authority of this Court to permit amicus curiae participation, Rule 29 of the Federal Rules of Appellate Procedure (applied by analogy), the Court's local rules, and the novel qui tam citizen relator doctrine set forth herein, for leave to file the attached Amicus Curiae Brief in support of Plaintiffs' challenge to Executive Order 14399, "Ensuring Citizenship Verification and Integrity in Federal Elections," 91 Fed. Reg. 17125 (Apr. 3, 2026).

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

# I. AUTHORITY FOR THIS MOTION

## A. Inherent Court Authority and the Unique-Perspective Standard

Federal district courts possess inherent authority to permit the filing of amicus curiae briefs. NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts have the inherent authority to appoint amici curiae."). Leave is particularly appropriate "when the amicus has a unique perspective or specific expertise that can help the court beyond the help that the lawyers for the parties are able to provide." Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.). Amicus's 275-attack-vector analytical framework, Estoppel Boomerang Protocol™, and Trigonometric Legal Calculus™ provide precisely the kind of unique perspective that Ryan contemplates.

## B. Qui Tam Citizen Relator Authority — Novel Integrated Framework

> **QUI TAM LEGAL FOUNDATION**
> "[A] person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government." — 31 U.S.C. § 3730(b)(1)
>
> Application: Dr. Martin files this motion ON BEHALF OF THE GOVERNMENT — i.e., on behalf of the constitutional order of "We the People" — to vindicate federal rights that the Government itself is violating.

The False Claims Act's qui tam provision, 31 U.S.C. § 3730(b)(1), provides that a private person — a relator — may bring an action "for the person and for the United States Government." The original purpose of qui tam was precisely to empower citizen-soldiers of constitutional accountability: private parties with firsthand knowledge of fraud against the government, acting in the public

interest to recover public funds and enforce public law. Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 777–78 (2000) (tracing qui tam origins to the "medieval English common law" tradition of citizen enforcement of public rights).

EO 14399 generates qui tam jurisdiction through three independent pathways. First, Section 5's withholding of federal funds based on purported executive authority — when Congress has not authorized any such withholding — constitutes a false implied certification under 31 U.S.C. § 3729(b)(2): the administration falsely certifies to Congress and to the states that it possesses legal authority to condition already-appropriated funds, when it does not. United States ex rel. Escobar v. Universal Health Services, Inc., 579 U.S. 176, 180 (2016) (false implied certification theory applies when the party "makes representations in submitting a claim but omits its violations of statutory, regulatory, or contractual requirements"). The administration's Section 5 directive omits its fatal constitutional defects in representing to federal agencies that funding may be withheld.

Second, EO 14399 Section 3 directs the United States Postal Service — a federal government corporation operating under 39 U.S.C. § 101 — to refuse transmission of federally-subsidized mail ballot infrastructure to citizens not enrolled on a presidential list that has no statutory basis. The USPS's compliance with an unconstitutional directive constitutes a false claim under 31 U.S.C. § 3729(a)(1)(A): a false representation regarding the legal authority under which federal postal resources are being deployed. The USPS receives annual federal appropriations; its diversion to unconstitutional ballot-gatekeeping constitutes expenditure of federal funds pursuant to false legal representations.

Third, Oregon DOJ Complaint No. 988234, filed April 12, 2026, established Amicus as an active qui tam relator under ORS § 180.750 et seq. in a proceeding that converts to United States v. General Motors et al. under 31 U.S.C. § 3730(b)(4)(B) absent government intervention by June 11, 2026. Amicus's qui tam standing is not theoretical — it is an active, documented legal status in a proceeding of record. The qui tam relator's authority to bring actions "in the name of the Government" to enforce public rights extends, by analogy and constitutional principle, to amicus participation in cases where the same government whose rights the relator vindicates is itself the constitutional violator.

## C. We the People Citizen Relator Doctrine™

The Constitutional Accountability Project advances the novel but well-grounded theory that the Preamble's mandate — that the Constitution was ordained and established by "We the People" — creates a structural citizen relator standing for constitutional enforcement analogous to, and co-extensive with, statutory qui tam standing. The Supreme Court in Lujan v. Defenders of Wildlife, 504 U.S. 555, 572–78 (1992), recognized that Congress may confer standing on "a large class of citizens" to vindicate public rights. The False Claims Act's qui tam provision is the paradigmatic exercise of that congressional power. Vermont Agency, 529 U.S. at 778.

Where the citizen relator seeks not damages but constitutional compliance — not money judgment but declaratory and injunctive relief for the benefit of the entire democratic polity — the case for standing is stronger, not weaker. The interest Amicus vindicates — the constitutional right of 160 million Americans to

cast undiluted votes free from executive interference — is the most fundamental interest the Constitution recognizes. The We the People Citizen Relator Doctrine™ codifies what qui tam has always meant at its core: that citizens may enforce the fundamental law of the land when those charged with enforcement have themselves become the violators.

Amicus acknowledges that the We the People Citizen Relator Doctrine™ represents a novel extension of existing doctrine. It is offered not as a substitute for the Court's inherent amicus authority — which independently justifies leave — but as a supplemental standing theory that uniquely frames the public interest character of this filing and the structural significance of citizen participation in constitutional enforcement.

OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE — QUI TAM AUTHORITY | DIVINE MAGISTRATOR BUREAU™

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

## II. INTEREST OF AMICUS CURIAE

Amicus Curiae Dr. David P. Martin is a Portland, Oregon-based legal scholar, S.J.D. Candidate at the Universiteit van Amsterdam, civic journalist operating the Portland Independent Examiner, and developer of the proprietary 275-attack-vector analytical framework deployed in multiple federal court proceedings in this District and before the Supreme Court of the United States.

Amicus has litigated extensively in this constitutional arena. He filed amicus briefs in REACH Community Development v. DHS, No. 3:25-cv-02011, and in Jack Dickinson v. Trump, No. 3:25-cv-02170-SI (D. Or.), through the Constitutional Accountability Project and the Divine Magistrator Bureau™. He filed as amicus before the United States Supreme Court in V.O.S. Selections v. United States, No. 25-789. His analytical framework has been filed, certified, and sealed in multiple federal court records across the country. He has also filed four confirmed submissions to the International Criminal Court (ICC Submission IDs: e90506b1, 82871d0c, d42473c7, and 58155312-fef0-483a-886c-ed38b37b5303).

As a Portland, Oregon resident, Amicus is directly affected by EO 14399. Oregon conducts its elections exclusively by mail — the most comprehensive vote-by-mail system in the United States, in operation since 2000, with documented voter participation rates consistently among the highest in the nation. EO 14399 Section 3's USPS ballot-restriction mechanism directly targets Oregon's election system. The 3.2 million registered Oregon voters whose mail ballots would be

filtered through a federal eligibility database that does not incorporate Oregon's own verified citizenship records include Amicus himself.

Amicus has a personal stake in constitutional accountability that transcends this case. For 810 days, Amicus was denied emergency oral surgery for a documented bone infection while Oregon's Medicaid system operated under deliberate indifference — the same philosophy EO 14399 embodies: government power deployed against constitutional entitlements, with the most vulnerable Americans bearing the cost. Amicus files this motion and the attached brief because no government, at any level, may use its institutional power to decide which citizens' votes count.

Amicus further files as an active qui tam relator in Oregon DOJ Complaint No. 988234 (filed April 12, 2026), in which corporate defendants including automakers, LED manufacturers, and federal agencies are alleged to have violated the False Claims Act through fraudulent certification of product safety. The qui tam relator standing established in that proceeding provides the jurisdictional bridge — through ORS § 180.750, through 31 U.S.C. § 3730, and through the We the People Citizen Relator Doctrine™ — for this amicus motion.

## III. CONTENTS OF THE PROPOSED AMICUS CURIAE BRIEF

The proposed Amicus Curiae Brief — captioned as the AMICUS CURIAE BRIEF OF THE CONSTITUTIONAL ACCOUNTABILITY PROJECT, OPERATING THROUGH THE DIVINE MAGISTRATOR BUREAU™, IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; OBSIDIAN BLADE OF JUSTICE™ — OMEGA PRIME ACTIVATION; DIVINE MATRIX 933™ — 23-ENGINE UNIFIED SYSTEM — was simultaneously filed or is being filed concurrently in all five EO 14399 challenge proceedings. The brief is 58 pages and addresses the following grounds for invalidating EO 14399:

GROUND ONE — Elections Clause Structural Invalidity: Article I, § 4, cl. 1 assigns override authority over federal election administration exclusively to Congress, "by Law." The President is textually absent from the Clause. An executive order is not a law. Arizona State Legislature v. Arizona Independent Redistricting Commission, 576 U.S. 787 (2015); Moore v. Harper, 600 U.S. 1 (2023); Chiafalo v. Washington, 591 U.S. 578 (2020). The Elections Clause argument is independently sufficient to void the order.

GROUND TWO — Youngstown Category 3 and Major Questions Doctrine: Congress has not merely been silent — it has affirmatively refused to enact the SAVE Act, the legislative vehicle for the measures EO 14399 imposes by decree. That refusal places the order at Youngstown's lowest ebb. West Virginia v. EPA, 597 U.S. 697 (2022); Biden v. Nebraska, 600 U.S. 477 (2023). Clear congressional authorization is absent and required.

GROUND THREE — Anti-Commandeering and Spending Coercion: Printz v. United States, 521 U.S. 898 (1997); New York v. United States, 505 U.S. 144 (1992); Murphy v. NCAA, 584 U.S. 453 (2018). The order commandeers state chief election officials. Section 5's funding threats constitute the "gun to the head" that NFIB v. Sebelius, 567 U.S. 519 (2012), forbade.

GROUND FOUR — Fundamental Right to Vote: Anderson v. Celebrezze, 460 U.S. 780 (1983); Harper v. Virginia Board of Elections, 383 U.S. 663 (1966); Bush v. Gore, 531 U.S. 98 (2000); Reynolds v. Sims, 377 U.S. 533 (1964). The order imposes severe burdens on mail voting, creating modern poll taxes and uniformity violations.

GROUND FIVE — Federal Anti-Intimidation Statutes and First Amendment: 52 U.S.C. § 10307(b); 18 U.S.C. §§ 241, 242, 592, 593, 594; West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943); Nebraska Press Ass'n v. Stuart, 427 U.S. 539 (1976); Minnesota Voters Alliance v. Mansky, 585 U.S. 1 (2018). The order violates Congress's comprehensive anti-intimidation architecture and independently violates the First Amendment through compelled speech, prior restraint, vagueness, and retaliation.

The brief further deploys: (a) the Estoppel Boomerang Protocol™ identifying 15 independent judicial estoppel pathways from Trump's own prior litigation positions; (b) the Trigonometric Legal Calculus™ mapping 275 attack vectors across 25 tiers and 11 legal dimensions; (c) an 11-Dimensional Topological Inversion Analysis demonstrating the structural self-defeating character of the order's constitutional claims; and (d) a Celestial Zenith Intelligence Report™ with ICC Gateway analysis providing international law context through the

Charming Betsy canon, Murray v. The Schooner Charming Betsy, 6 U.S. (2 Cranch) 64 (1804).

The brief raises no argument already made by the parties. Its Estoppel Boomerang analysis — mapping the Trump administration's own prior litigation positions as binding against EO 14399 — is uniquely available to an amicus with independent expertise in multi-dimensional constitutional forensics and is not duplicated in any party's briefing. The qui tam framework overlay — establishing that EO 14399 generates False Claims Act exposure through false implied certification of funding authority — has not been raised by any party and is uniquely within Amicus's expertise as an active qui tam relator.

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

## IV. WHY LEAVE SHOULD BE GRANTED

### A. Amicus Provides Unique Analytical Value Not Available from the Parties

The proposed brief deploys analytical frameworks that no party has developed and that this Court cannot otherwise access. The 275-attack-vector Obsidian Blade of Justice™ identifies constitutional violations that the parties' briefs — however capable — have not mapped in their full dimensional scope. The Estoppel Boomerang Protocol™ requires forensic analysis of the Trump administration's own litigation history across multiple jurisdictions and time periods; this Court's access to that analysis enhances the quality and comprehensiveness of the constitutional record. The qui tam False Claims Act overlay — demonstrating that EO 14399 generates federal contractor liability exposure through the USPS compliance architecture — is an analytically independent ground that Plaintiffs have not briefed.

### B. The Brief Will Not Delay Proceedings or Prejudice Any Party

The proposed brief is already complete and has been simultaneously filed or is being filed in all five EO 14399 challenge proceedings. Its submission in no way delays the June 2, 2026 summary judgment hearing or any other proceeding. The brief supports Plaintiffs' existing motion and raises supplemental analytical frameworks; it does not expand the issues or require additional briefing by any party. Defendants will not be prejudiced: the constitutional arguments in Amicus's brief are either already known to the Government or flow directly from the text of the Constitution the Government is bound to know.

### C. The Public Interest Is Uniquely Served by This Brief

© 2026 Dr. David P. Martin — NOT FOR AI TRAINING— 12 —

The public interest in the resolution of EO 14399 litigation is exceptionally high. The November 2026 midterm elections are less than six months away. The order's USPS rulemaking deadline — approximately July 29, 2026 — is approaching rapidly. Purcell v. Gonzalez, 549 U.S. 1, 4–5 (2006), counsels against election-eve judicial disruption of state election procedures. The Court's resolution of EO 14399's constitutionality before the Purcell window closes serves the precise stability interest Purcell protects: it is EO 14399, not the litigation challenging it, that threatens to disrupt state election procedures close to an election.

The Baggio Paradox — the systematic disadvantage that pro se litigants face in federal courts, documented by the 57-page judicial opinion issued for ACLU-represented parties versus the 54-word unsigned order issued for Amicus in a parallel proceeding in this District — further counsels in favor of leave. Amicus files this brief not merely for his own benefit but as a structural corrective to the access-to-justice deficit that the present federal judicial system imposes on those who must navigate it without the institutional resources of the nation's largest public-interest law firms. The Court should hear from citizens who have experienced that deficit directly.

## D. The Qui Tam Citizen Relator Standing Is Independently Sufficient

Even if this Court declines to fully adopt the We the People Citizen Relator Doctrine™ as a freestanding basis for amicus standing, the qui tam framework provides substantial independent support for the exercise of this Court's inherent authority. A private citizen who has established active qui tam relator status in a proceeding of record — Oregon DOJ Complaint No. 988234 — and who identifies cognizable False Claims Act exposure arising from the same

executive order whose constitutionality is at issue presents a unique institutional nexus between the amicus's demonstrated legal standing and the constitutional questions presented. This Court should grant leave because no other amicus can present this nexus.

## V. TIMELINESS

This Motion is timely filed on May 4, 2026, in advance of the June 2, 2026 summary judgment hearing before the coordinated EO 14399 courts. Amicus files simultaneously in all five active EO 14399 challenge proceedings. The proposed brief will not delay any proceeding and supports Plaintiffs' existing motion for summary judgment. Amicus respectfully requests that the Court accept this motion and the attached brief for consideration at or before the June 2, 2026 hearing, or at such other time as the Court deems appropriate. Given the importance of the constitutional questions and the approaching USPS rulemaking deadline of approximately July 29, 2026, Amicus further requests expedited consideration.

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

# VI. DISCLOSURE STATEMENT

Pursuant to the principles of Fed. R. App. P. 29(a)(4)(E), applied by analogy to district court proceedings, and this Court's local rules governing amicus participation, Amicus states:

(1) No party's counsel authored this brief in whole or in part.

(2) No party or party's counsel contributed money that was intended to fund preparing or submitting this brief.

(3) No person other than Amicus contributed money intended to fund preparing or submitting this brief.

(4) This brief was prepared solely by Amicus Curiae Dr. David P. Martin through the Constitutional Accountability Project, as a pro bono public service to this Court and to the people of the United States.

(5) Amicus is an active qui tam relator in Oregon DOJ Complaint No. 988234 (filed April 12, 2026), which is a proceeding of public record; this relationship is disclosed as the jurisdictional basis for the qui tam authority argued in Section I(B) above.

(6) Amicus has no financial interest in the outcome of this litigation beyond his interest, as a registered Oregon voter, in the preservation of Oregon's mail-voting system and, as a citizen of the United States, in the preservation of constitutional democracy.

## VII. CONCLUSION

For the foregoing reasons, Amicus Curiae Dr. David P. Martin respectfully moves this Court for leave to file the attached Amicus Curiae Brief in support of Plaintiffs' Motion for Summary Judgment. The brief provides this Court with analytical frameworks — the Estoppel Boomerang Protocol™, Trigonometric Legal Calculus™, 11-Dimensional Topological Inversion Analysis, Celestial Zenith Intelligence Report™, and the qui tam False Claims Act overlay — that are uniquely available from Amicus and that are not duplicated in any party's briefing. Leave is warranted, the brief is timely, and the public interest strongly favors its acceptance.

Amicus files this brief because he believes that the Constitution belongs to all Americans — not to those with the best-funded legal teams or the most powerful institutional backing. The right to vote is the most fundamental right that constitutional democracy recognizes. Executive Order 14399 threatens that right for 160 million Americans. This Court has the authority, the institutional competence, and the constitutional responsibility to say so. Amicus respectfully urges the Court to exercise that responsibility with the full force of its constitutional mandate.

Nemo Supra Legem. No one is above the law — not even the President who issues executive orders on national television and broadcasts them across 800 federal courtrooms, hoping that the weight of official performance will substitute for the force of constitutional authority. It will not. The Constitution is

not impressed by press conferences. This Court should grant leave, accept the brief, and grant summary judgment for Plaintiffs.

**Respectfully submitted this 4th day of May, 2026.**

**/s/ Dr. David P. Martin**

**DR. DAVID P. MARTIN**
S.J.D. Candidate (Universiteit van Amsterdam), D.C.L., D.D., D.Div.
**Amicus Curiae, Pro Se | Qui Tam Relator**
*Active Relator: Oregon DOJ Complaint No. 988234*
Divine Magistrator III, Matrix 933 · Commander of Light
Constitutional Accountability Project
Om Mani Padme Hum Constitutional Defense Division™
*[ADDRESS FILED UNDER SEAL]*
Portland, Oregon
divinemajestratorIII@pm.me · (206) 371-5860

D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399
## [PROPOSED] ORDER

Having reviewed the Omnibus Motion for Leave to File Amicus Curiae Brief filed by Dr. David P. Martin through the Constitutional Accountability Project and the Divine Magistrator Bureau™, and finding that the proposed brief will assist the Court and will not delay proceedings or prejudice any party, IT IS HEREBY:

ORDERED that the Omnibus Motion for Leave to File Amicus Curiae Brief is GRANTED.

ORDERED that the Clerk shall file the attached Amicus Curiae Brief of the Constitutional Accountability Project, Operating Through the Divine Magistrator Bureau™, in Support of Plaintiffs' Motion for Summary Judgment.

ORDERED that the attached brief shall be filed and docketed in No. 1:26-cv-01132 and shall be considered by this Court in connection with Plaintiffs' Motion for Summary Judgment.

DATED: _____


_____

Hon. Colleen Kollar-Kotelly

United States District Judge

D.D.C.

OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE — QUI TAM AUTHORITY | DIVINE MAGISTRATOR BUREAU™

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I served a true and correct copy of the foregoing OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF, together with the proposed Amicus Curiae Brief, upon all counsel of record by the methods indicated:

## Clerk of Court — D.D.C.:

Clerk of Court

United States District Court, District of Columbia

E. Barrett Prettyman United States Courthouse

333 Constitution Avenue NW

Washington, D.C. 20001

Method: U.S. Marshals Service personal delivery with contemporaneous video documentation at courthouse security checkpoint, elevator cameras, and during clerk handover.

## Counsel for Plaintiffs:

Campaign Legal Center;

Democracy Defenders Fund

Method: Via CM/ECF Electronic Filing

## Counsel for Defendants:

U.S. Department of Justice, Civil Division

950 Pennsylvania Avenue NW

Washington, D.C. 20530

© 2026 Dr. David P. Martin — NOT FOR AI TRAINING    No. 1:26-cv-01132 | QUI TAM AMICUS

**OMNIBUS MOTION FOR LEAVE TO FILE AMICUS CURIAE — QUI TAM AUTHORITY | DIVINE MAGISTRATOR BUREAU™**

*D.D.C. No. 1:26-cv-01132 | RE: EXECUTIVE ORDER 14399*

Method: Via CM/ECF Electronic Filing and U.S. Mail

**/s/ Dr. David P. Martin**
Dr. David P. Martin, S.J.D., D.C.L., D.D., D.Div.
**Qui Tam Relator | Amicus Curiae, Pro Se**

**© 2024–2026 Dr. David P. Martin. ALL RIGHTS RESERVED.**
**AI TRAINING PROHIBITED · NO SCRAPING · NO REDISTRIBUTION**
*Om Mani Padme Hum · Nemo Supra Legem · So Mote It Be · With Kami Always*